**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEN DEMSEY,** | : | **Case No. 1:09-CV-503** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **NANCY HAHNER DEMSEY,** | : | **ORDER** |
| **Defendant.** | : | |

This matter arises upon Defendant Nancy Hahner Demsey (aka Daniels)'s Amended Motion to Dismiss (Doc. 18). Both parties have filed multiple briefs in connection with this motion and it is ripe for adjudication.[1] For the reasons articulated below, the motion to dismiss is **GRANTED** and this case is **DISMISSED**.

**I.     BACKGROUND**

On May 11, 2005 Defendant Nancy Hahner Demsey called the Parma, Ohio police department to report a domestic dispute with her brother, Plaintiff Ken Demsey. Defendant's police report led to the Plaintiff's arrest and eventual conviction.

In addition to the criminal case against Plaintiff, the procedural history of this case includes three other civil cases. Plaintiff filed and voluntarily dismissed two state court actions, and then filed and failed to prosecute an action before this Court. Accordingly, this is the fourth civil case Plaintiff has filed alleging claims against his sister arising out of her conduct in connection with his

---

[1] The Defendant filed her original motion to dismiss on August 14, 2009. (Doc. 10.) The Plaintiff filed an opposition brief on October 1, 2009. (Doc. 12.) The Defendant filed a reply in support of the motion to dismiss on October 23, 2009. (Doc. 16.) On the same date, the Defendant filed a motion for leave to file the amended motion to dismiss that is now before the Court. (Doc. 17.) As explained below, the Court granted the Plaintiff leave to file the amended motion to dismiss (Doc. 18), and the Plaintiff filed briefs generally opposing the amended motion to dismiss. (Docs. 21, 22.)

arrest by the Parma police.

Plaintiff filed the first action in the Court of Common Pleas of Cuyahoga County, Ohio on October 2, 2006, Case No. CV-06-602999 ("*Demsey I*"). (*See* Doc. 18 at 3.) His complaint asserted two state law claims: (1) abuse of process; and (2) negligent/intentional infliction of emotional distress. His central allegation was that his sister, Defendant Nancy Hahner Demsey knowingly filed a false police report that led to his arrest, incarceration, and criminal prosecution. (*Id*.) On July 6, 2007, Plaintiff filed a notice of voluntary dismissal and his complaint was dismissed without prejudice. (*Id*.)

Plaintiff re-filed the same complaint in the same state court on November 13, 2007, as Case No. CV-07-641553 ("*Demsey II*"). (*Id*.) Again he asserted claims for abuse of process and negligent/intentional infliction of emotional distress, and, again, he filed a notice of voluntary dismissal. This time, the state court dismissed the complaint with prejudice. (*Id*. at 4.)

On June 30, 2008, Plaintiff filed a complaint in this Court, Case No. 1:08cv1571 ("*Demsey III*"). Although the complaint alleged violations of 42 U.S.C. § 1983 and § 1985 instead of the state law torts previously asserted, the first six paragraphs of the complaint were identical to the first six paragraphs of the state court complaints. That is, they alleged the same factual basis as the state court complaints – i.e., Defendant's alleged knowingly false police report. After Plaintiff did not perfect service within 120 days, the Court *sua sponte* invoked Rule 4(m) of the Federal Rules of Civil Procedure and issued show cause orders requiring Plaintiff to show cause why the case should not be dismissed for failure to prosecute. *See Demsey III*, Case No. 08cv1571, Docs. 3, 5. Plaintiff responded to the show cause orders and filed an amended complaint, but did not demonstrate good cause for failing to timely serve Defendant. *Id*., Doc. 8. Accordingly, on December 23, 2008, this Court dismissed *Demsey III* (i.e., Plaintiff's third complaint and first federal court action, Case No.

08cv1571).[2]

Finally, the complaint in this case was filed on March 6, 2009 ("*Demsey IV*"). (Doc. 1.) Defendant responded to the complaint by filing the initial motion to dismiss. (Doc. 10) After briefing revealed that Plaintiff had served Defendant with the wrong complaint – i.e., the *Demsey III* complaint rather than the *Demsey IV* complaint – the Court granted Defendant's motion for leave to file the amended motion to dismiss which is now ripe and pending before the Court. The error with respect to service, however, precipitated another set of briefing and the additional argument that this case should be dismissed for failure of service. (*See* Docs. 18, 21-24.)

On March 25, 2010, the Court issued an Order indicating that it would address the issues

---

[2] In addition, although the Court dismissed *Demsey III* pursuant to Rule 4(m) and, thus, did not reach the merits of the action, it noted that the amended complaint likely did not state a claim upon which relief could be granted. Specifically, the Court stated as follows in a footnote:

> The Court notes that, while it does not reach the issue because dismissal without prejudice is appropriate under Fed. R. Civ. 4(m), it appears that, despite the filing of his Amended Complaint (Doc. 7), the Plaintiff still has failed to state a federal claim upon which relief could be granted, and that a dismissal on the merits most likely would be appropriate under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) and *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983). It appears that the Plaintiff's claim under 42 U.S.C. § 1983 is not cognizable, because the Plaintiff does not sufficiently allege that the Defendant was a private actor acting under color of state law. *See Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007). A phone call to the police reporting domestic violence, even if the report is later determined to be untrue, simply does not constitute joint action for purposes of liability under 42 U.S.C. § 1983. *Cf. Coleman v. Tarmekh, Inc.*, No. 96-3482, 1997 U.S. App. LEXIS 14659, at *4 (6th Cir. June 13, 1997). Further, it appears that the Plaintiff's claim under 42 U.S.C. § 1985(3) is not cognizable, because the Plaintiff does not sufficiently allege that he is a member of a class entitled to the kind of special protection that would make the statute applicable to him, or that there is "class-based, invidiously *discriminatory animus behind the conspirators' action.*" *McGee v. Schoolcraft Cmty. College*, 167 Fed. Appx. 429, 435-36 (6th Cir. 2006) (emphasis added).

*Demsey III*, Doc. 8 n.2.

regarding service in the context of Defendant's amended motion to dismiss. (Doc. 25.) Accordingly, the purpose of this Opinion and Order is to resolve the amended motion to dismiss. For the following reasons, however, the motion is **GRANTED** for reasons independent of any problems relating to service.

## II.    DISCUSSION

### A.    INTRODUCTION

Defendant raises three grounds for dismissal in her amended motion. (Doc. 18.) First, she contends that dismissal is appropriate under Rule 12(b)(4),(5), and (2) because Plaintiff did not timely and properly serve her with the complaint. Second, she argues that dismissal is proper under Rule 12(b)(6) because the complaint fails to state a claim pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Third, she argues that the "double dismissal rule" of Ohio and Federal Rule of Civil Procedure 41, in conjunction with *res judicata*, bars this action because Plaintiff has already voluntarily dismissed two complaints based on the same set of facts and circumstances. Although her first argument is at least colorable and her second is likely well-taken,[3] the third argument is

---

[3] Defendant's argument that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 is likely well-taken for the reasons stated in footnote 2 of the Court's order in *Demsey III*, Doc. 8. While Plaintiff has attempted to refute the Court's brief analysis in that footnote by way of the complaint in this case (i.e., *Demsey IV*) and in his briefing in this case (*see e.g.*, Docs. 12, 21, 22), his arguments are not persuasive. Specifically, although the complaint in this case is more detailed than the amended complaint in *Demsey III*, it still merely alleges a conspiracy based on the assertion that (albeit in various ways), the Defendant knowingly provided false information to the police in order to induce Plaintiff's arrest, detention, and prosecution. Construing the facts in the light most favorable to Plaintiff, the factual allegations do not suggest that the police were aware that Defendant was lying or that they were improperly acting in concert with Defendant. Because the complaint does not plausibly allege an improper relationship between the police and Defendant, *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), the complaint fails to allege state action under any of the applicable § 1983 tests. (*See Demsey III*, Doc. 8 n.2; Doc. 18.) Likewise, Plaintiff does not allege that he is a member of a protected class entitled to special protection pursuant to § 1985(3). (*See Demsey III*, Doc. 8 n.2.)

dispositive and independently compels the Court to grant Defendant's amended motion to dismiss pursuant to Rule 12(b)(6).[4] Accordingly, in the interest of efficiency, the Court will only analyze in detail Defendant's third argument regarding *res judicata* and the "double dismissal rule."

### B. THE RULE 12(b)(6) STANDARD

The Court may dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure12(b)(6). The purpose of a motion under 12(b)(6) is to test the sufficiency of the complaint – not to decide the merits of the case.

While Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," to withstand a motion to dismiss pursuant to Rule 12(b)(6), which mandates independent pleading obligations, a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

A district court considering a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *see also Iqbal*, 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine

---

[4] As Defendant notes in her amended motion (Doc. 18 at 10), the Court may take judicial notice of prior proceedings in and the record of closely related cases without converting this Rule 12(b)(6) motion to a motion for summary judgment under Rule 56. *See Cavaliers Operating Co., LLC v. Ticketmaster*, Case No. 07cv2317, 2008 U.S. Dist. LEXIS 93112, *30 (N.D. Ohio Sept. 30, 2008).

whether they plausibly give rise to an entitlement to relief.").

In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referenced in the pleadings; (2) documents attached to the motion to dismiss that are referenced in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009); *Ruth v. Unifund CCR Partners,* No. 5:08CV2689, 2009 U.S. Dist. LEXIS 17362, *11 (N.D. Ohio Mar. 6, 2009) ("In determining whether to grant a Rule 12(b)(6) motion, the court 'may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.'"); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999); *see also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

### C. *RES JUDICATA* BARS THIS ACTION VIA THE DOUBLE DISMISSAL RULE

Federal Rule of Civil Procedure 41(a)(1)(B) is sometimes known as the "double dismissal" rule, and provides as follows:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B). The purpose of the double dismissal rule is to prevent plaintiffs from manipulating the litigation process through the unreasonable use of voluntary dismissals. *See Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 482-83 (8th Cir. 1962); *see also* 9 C. Wright & A. Miller, Fed. Prac. & Proc. § 2368 (3d ed. 2010). Because the double dismissal rule establishes that

-6-

the second voluntary dismissal of essentially the same civil case operates as an adjudication on the merits, it carries with it the preclusive effects of a decision on the merits. *See Ward v. Wyandot County Bd. of Comm'rs*, Case No. 3:04cv7552, 2005 WL 81903, at *1 (N.D. Ohio Jan. 7, 2005) (Carr, J.). In other words, the second dismissal can be used as the basis for invoking *res judicata* to bar subsequent actions. *Id*.; *see also* 9 Fed. Prac. & Proc. § 2368 (3d ed. 2010).

This case is very similar to *Ward*, 2005 WL 81903, in which Chief Judge Carr applied *res judicata* and the Rule 41 double dismissal rule in dismissing a lawsuit after the plaintiff had voluntarily dismissed two prior state court actions based on the same occurrence. As Chief Judge Carr explained, in order to apply the double dismissal rule, the Court must apply the Full Faith and Credit statute, 28 U.S.C. § 1738, because the two prior voluntary dismissals occurred in state court. *Ward*, 2005 WL 81903 at *1.

> The Sixth Circuit has held that "the full faith and credit statute . . . requires a federal court to accord a state court judgment the same preclusive effect that the judgment would have in a state court." *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 384 (1985). Thus, "[w]hen a federal court is asked to give preclusive effect to a state court judgment," as I am being asked to do here, "the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action. *Id*.

*Id*.

Rule 41(A)(1) of the Ohio Rules of Civil Procedure is virtually identical to the double dismissal rule of Federal Rule 41. *See Microvote Corp. v. Casey*, Case No. 94-3890, 1995 WL 364170, at *2 (6th Cir. June 16, 1995). It states, in pertinent part:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

Ohio Civ. R. 41(A)(1). The Ohio Supreme Court interprets Rule 41(A)(1) to operate in the same

-7-

manner as its federal analog, Federal Rule of Civil Procedure 41(a)(1)(B). As the Ohio Supreme Court has explained:

> It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. . . . In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action.

*Olynyk v. Scoles*, 868 N.E.2d 254, 256 (Ohio 2007) (omitting citations). Accordingly, under the Full Faith and Credit statute, the Court must give the same preclusive effect to the state court dismissal of *Demsey II* as that judgment would have in state court. The Court must therefore apply the Ohio law of *res judicata* to determine whether the double dismissal rule bars this lawsuit.

In *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995), the Ohio Supreme Court adopted the Restatement[5] definition of *res judicata* and held "that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Quoting prior decisions, the Ohio Supreme Court also noted that "[i]t has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit' " and that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Id*. (emphasis in original) (quoting *Natl. Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (quoting *Rogers v. Whitehall*, 494 N.E.2d 1387, 1388 (1986)). In sum, there are four elements of *res judicata* under Ohio law:

---

[5] Specifically, 1 Restatement of Law 2d, Judgments § 24-25 (1982). *Grava*, 653 N.E.2d at 229.

> (1) that the instant action involves the same two parties; (2) that the instant action arose out of the same transaction or occurrence that was the subject of earlier actions; (3) that the instant action could have been asserted in at least one of those previous actions; and (4) that there was a final decision on the prior action by a court of competent jurisdiction.

*Tolliver v. Liberty Mut. Fire Ins. Co.*, Case No. 2:06cv904, 2010 WL 148159, at *4 (S.D. Ohio Jan. 11, 2010) (quoting *Apseloff v. Family Dollar Stores, Inc.*, 2006 WL 1881283 (S.D.Ohio 2006) (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir.1999) (per curiam)); *In Re Fordu*, 201 F.3d 693, 703-704 (6th Cir.1999); *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997))).

Defendant in this case argues that dismissal is appropriate because each of these elements is satisfied. The Court agrees.

First, this case – *Demsey IV* – involves the same parties as *Demsey I* and *Demsey II*, i.e., Plaintiff Ken Demsey and his sister, Defendant Nancy Hahner Demsey. Although Plaintiff characterizes the Parma police department and policemen as "new parties" to this lawsuit in his briefs, he concedes that they are "unnamed as formal Defendants." (*See* Doc. 12 at 1.) In fact, the Parma police department and Parma policemen are not named defendants in the Complaint. (Doc. 1.) As Defendant correctly points out, there is no relevant legal concept that recognizes "unnamed informal defendants." Accordingly, the instant action involves the same parties as the dismissed state court actions and the first element of *res judicata* is satisfied.

Second, all of the lawsuits arose out of the events leading up to Plaintiff's arrest, detention, and prosecution. His dismissed state court actions asserted a claim for abuse of process based on Defendant's alleged interactions with the police on May 11, 2005 and thereafter. Likewise, the Court has carefully reviewed and compared all of the pleadings and finds that his civil rights claims in this case clearly arise from the same set of facts and circumstances as his claims in the dismissed state court actions. The second element of *res judicata* is thus satisfied.

Third, his § 1983 and § 1985 claims could have been asserted in the state court. Again, his federal civil rights claims are based on the same set of facts and circumstances and could have been asserted alongside his state law tort claims for abuse of process and intentional/negligent infliction of emotional distress. Plaintiff's citation to *Manicki v. Zeilman*, 443 F.3d 922 (7th Cir. 2006) (Posner, J.) does not help his cause. He argues, essentially, that *Manicki* justifies his decision to bring state law tort claims in state court and federal claims in a separate federal court action. (Doc. 12 at 2-3.) *Manicki*, however, actually *supports* the conclusion that *res judicata* bars Plaintiff's claims in this case. In *Manicki*, Judge Posner explained that it is possible for two related but distinct clusters of facts to legitimately lead to two independent cases – one involving, e.g., common law state claims and the other federal claims – but he concluded that *res judicata* did apply to the plaintiff's claims because of the significant overlap in the facts supporting all of his claims. *Id*. at 925. Similarly, the factual allegations in all of the *Demsey* cases are virtually identical (even though the complaint in this case is more expansive in its description of those allegations). Plaintiff's citation to other authority is similarly inapposite. (*See* Doc. 12.)

Fourth and finally, pursuant to Ohio Rule of Civil Procedure 41(A)(1), the notice of dismissal in *Demsey II* operated as a judgment on the merits. As discussed above and explained in detail by Chief Judge Carr in *Ward*, 2005 WL 81903, Ohio Rule 41(A)(1) makes the second dismissal in this case an adjudication on the merits, such that *res judicata* applies to any subsequently filed action. *See also Olynyk*, 868 N.E.2d at 256. This is such an action.

Accordingly, applying the elements of *res judicata*, Plaintiff's lawsuit is barred. Consequently, pursuant to Rule 12(b)(6), he cannot state a claim upon which relief can be granted.[6]

---

[6] *Demsey III* could have been dismissed based on *res judicata* and the double dismissal rules as well. The Court did not analyze this issue in *Demsey III*, however, because service

### III. CONCLUSION

For the foregoing reasons, Defendant's Amended Motion to Dismiss (Doc. 18) is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

|  |  |
|---|---|
|  | **s/Kathleen M. O'Malley** |
|  | **KATHLEEN McDONALD O'MALLEY** |
| **Dated: May 20, 2010** | **UNITED STATES DISTRICT JUDGE** |

---

never occurred and dismissal was independently appropriate based on Rule 4(m), which the Court raised *sua sponte*.